

# THE ATTORNEY GENERAL
## OF TEXAS

Honorable W.P. Herms, Jr.
County Auditor
Waller County
Hempstead, Texas

Dear Sir:

Opinion No. 0-3127
Re: Whether under circumstances
set forth County Treasury
should refund to the county
amount deducted by the Treas-
urer as part of the premium
paid on surety bonds. Other
related questions.

Yours letter of February 4, requesting an opinion
of this department, treats of two separate matters, expense
authorized as a reduction by your County Treasurer and the
matter of appointing an Assistant to the County Treasurer.
We will discuss your request in the order in which your ques-
tions are set forth.

We Quote from your letter as follows:

"I find that our County Treasurers' report
for 1939 includes payment on Surety Bond as an
expense. Total fees of office without this de-
duction was $2068.98. After deduction of $90. 00
premium paid of Surety Bond, fees retained showed
$1978.98

"Had this premium on Surety Bond not been
shown as an authorized deduction, than and in that
event, County Treasurer would have refunded $68.98
to the County, since Treasurers' commissions col-
lected in 1939 were $2068.98 and $2000.00 were
maximum fees.

"Despite this error, annual report of County
Treasurer for 1939 was approved by Commissioners'
Court.

"Under these circumstances, should or should not County Treasure refund to County $68.98 which amount would show as due the County if report were correct?

"Also should correct report be filed in lieu of erroneous report of 1939, the individual being the same person who now occupies office?"

Article 3897, Vernon's Annotated Civil Statutes, provides:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement i triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the commissioners'court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office."

In regard to your first question, we have repeatedly held that the County Treasurer is not authorized to deduct the premium paid on Surety Bonds from commissions of that office.

Our Opinion 0-597, a copy of which is attached, specifically so rules. See also 0-204, 0-252, 0-318, 0-902, 0-1193 Annual Report of the Attorney General for 1939, pages 48, 61,77,237 and 320 respectively.

It is therefore the opinion of this department that a County Treasurer should refund to the county any unauthorized sums deducted from commissions of the office. As the statutes do not prescribe the forms or procedure whereby a refund is to be made, such procedure or methods prescribed by the Auditor, consistent with the provisions of Article 3897, Vernon's Annotated Civil Statutes, as a corrected final report, should be followed in correcting an error made in the Annual Report.

We find that Waller County contain a population of 10,280 inhabitants according to the 1940 Federal Census and according to your letter, has a valuation of $5,991,000.

Accompanying your request is a copy of an Order taken from the minutes of the commissioners' court of Waller County, setting forth the application of the County Treasurer for the employment of an office assistant with compensation to be fixed at an amount not to exceed $600.00 within any one year, nor the amount of $50.00 within any one month. Following the application described therein, the following order appears:

"It is ordered by the Court that the foregoing application of L.E. Stinson Hill, County Treasurer, be and the same is hereby allowed for the year 1941. That such fees are payable out of her fees of office and deductible in her annual settlement with the County."

In connection with the foregoing, you raise the following questions:

"First, with valuation of approximately 5,991,000, outstanding bonded indebtedness being approximately $65,000 and the probable commissions in treasurers office not being more than maximum allowed, does the Commissioners, Court have authority to allow such an assistant, the expenses of which are to be deducted from the fees of office? Such expense allowance is equivalent to allowing maximum fees of $2600.00.

Honorable W. P. Herms, Jr., Page 4

"Second, the appointment of such assistant is clearly disproportionate with the work necessary to conduct our County Treasurers' office. Said County Treasurer runs an Abstract Office and is housed in the same building as Treasurers' Office and a great deal of the treasurers' and the assistant's time is devoted to abstract business. Therefore, my second question is whether or not it is necessary for County Auditor to approve the expense deduction allowance order of Commissioners' Court before it can be legally allowed?"

Since the county officers of Waller County are compensated on a fee basis rather than salary basis, Articles 3941, 3942, Vernon's Annotated Civil Statutes, control and provide for the manner and rate upon which the commissions allowed the County Treasurer are based. Article 3943 of said statute, being applicable, provides:

"The commissions allowed any county Treasurer shall not exceed $2,000.00 annually; ..."

Our Opinion O-318, found in the Annual Report of the Attorney General for 1939, page 77, holds that such county treasurer can only be allowed and may not retain as his commission or annual salary any sum in excess of $2,000.00 annually.

Article 3902, Vernon's Annotated Civil Statutes, in part, provides:

"Whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the County Commissioners' Court of his county for authority to appoint such deputies, assistants, or clerks, stating by sworn application the number needed, the position to be filled and the amount to be paid. Said application shall be accompanied by a statement showing the probable receipts from fees, commissions and compensation to be collected by said office during the fiscal year and the probable disbursements which shall include all salaries and expenses of said office; and said court shall make its order authorizing the appointment of such deputies, assistants and clerks and fix the compensation to be paid them within the limitations herein prescribed and determine the number to be appointed

544

as in the discretion of said court may be proper; provided that in no case shall the Commissioners' Court or any member thereof attempt to influence the appointment of any person as deputy, assistant or clerk in any office. Upon the entry of such order the officers applying for such assistants, deputies or clerks shall be authorized to appoint them; provided that said compensation shall not exceed the maximum amount hereinafter set out. The compensation which may be allowed to the deputies, assistants or clerks above named for their services shall be a reasonable one, not to exceed the following amounts:

"1. In counties having a population of twenty-five thousand (25,000) or less inhabitants, first assistant or chief deputy not to exceed Eighteen Hundred ($1800.00) Dollars per annum; other assistants, deputies or clerks not to exceed Fifteen Hundred ($1500.00) Dollars per annum each.

". . . ."

In tracing the history of Article 3902, supra, we find that this Article underwent 9 separate amendments subsequent to the Revised Civil Statutes of 1925 and prior to the enactment of Senate Bill 5, Acts of 1935, 44th Legislature, 2nd Called Session, Chapter 465, commonly known as the Officers' Salary Law. Beginning with the 1925 Revised Civil Statutes, and in each of the succeeding 9 amendments, certain county and district officers were expressly named therein to whom the applicability of the subject was limited. All such officers named were designated in Article 3883, et seq., known as the Maximum Fee statutes, with the office of County Treasurer conspicuously absent.

With the enactment of Senate Bill 5, aforesaid, the present wording of the first sentence in Article 3902, supra, was changed from designating and naming the particular officers to its present language, to-wit:

"Whenever any district, county or precinct officers shall require the services of deputies, assistants or clerks in the performance of his duties he shall apply to the commissioners' court of his county. . . ."

Honorable W. P. Herms, Jr., Page 6

Thus in the enactment of the Officers' Salary Law, the question is raised as to whether the Legislature, in adopting the broad language quoted and now present in the statute, intended to include all county officers, which of course includes the County Treasurer.

The particular change in the statute along with its re-enacted provisions must be construed with other provisions of Senate Bill 5, including certain re-enacted and unchanged provisions of the Maximum Fee Law with which it stands in pari materia, in determining this question.

Primarily, we are reminded that Senate Bill 5 was enacted pursuant to a constitutional amendment making it mandatory that constitutional county officers in counties having a population of twenty thousand (20,000) inhabitants or more, according to the last preceding Federal Census be compensated solely on a salary basis from and after the 1st day of January, 1936. (Section 24, Senate Bill 5, 44th Legislature, 2nd Called Session.) See Article 16, Section 61, Constitution of Texas. The caption of Senate Bill 5, pursuant to this mandate, in part, provides:

"AN ACT relating to the compensation of district, certain designated county and precinct officers and providing the method and means for which such officers shall be compensated for their services; providing for the appointment and payment of deputies, assistants, clerks and employees in district, county and precinct offices; . . ."

By Section 22 of the Bill, it was provided that the provisions of the Act shall be cumulative of all laws not in conflict therewith; further declaring it to be the intention of the Legislature that the "compensation, limitations and maximums fixed in this Act for the named officers, their deputies, assistants and employees control over any other provisions contained in all laws, general and special." (Underscoring ours)

Senate Bill 5 discussed, very definitely, as to the intent of the Legislature, distinguishes between counties of population less than 20,000 inhabitants and those with population of 20,000 inhabitants or more, but less than 190,000 inhabitants.

546

In the general coverage of the Act, relating to the "appointment and payment of deputies, assistants, clerks and employees," Article 3902, supra, we are definitely of the view that the change in the language now reading "any district, county or precinct officer," was not intended to include the County Treasurer, but only those "certain" or "named" county officers or those generally included within the various provisions of the Maximum Fee statutes previous to the time of their re-enactment in the Salary Law, excepting where specifically "named" and/or excepted from the scope of Senate Bill 5 as a whole. The fact that the County Treasurer is expressly named in Section 13 of the Bill strongly supports the view that the Legislature purposely considered the County Treasurer as not included within its provisions applicable to the counties of population less than 20,000 inhabitants. The courts of this State have had many occasions to construe Articles 3941-3, Vernon's Civil Statutes, relating to the compensation of the County Treasurer and no decision has ever referred to such officer as compensated "on a fee basis." In this connection Section 16 of Senate Bill 5 provides, and we quote:

> "In counties having a population of less than twenty thousand (20,000) inhabitants according to the last preceding Federal Census, all county officers shall continue to be compensated for their services on a 'fee basis' until the commissioners' court shall have determined otherwise, in accordance with the provisions of Section 2 of this Act."

We fail to find any authority, statutory or otherwise, authorizing the commissioners' court in counties with a population of less than 20,000 inhabitants to appoint an assistant, clerk, deputy or employee to the county treasurer to be paid from county funds. Because "county and precinct officers," mentioned in the second phrase of the caption to Senate Bill 5 aforementioned is qualified by the preceding phrase "certain designated county and precinct officers," and further that the county treasurer is neither an officer compensated on the basis of "fees earned" within the maximum fee statutes, Chapter 1, Title 61, Vernon's Civil Statutes, nor a "designated county officer" within the provisions of Senate Bill 5 as applicable to counties with a population of less than 20,000 inhabitants, for this department to hold Article 3902, supra, applicable to such officers, would be over-riding the provisions of Section 35, Article III of the Constitution of Texas which holds void so much of the subject of an act not expressed in the title. See Opinion O-351, Annual Report of the Attorney General for 1939, page 85.

Answering the second part of your request, it is the opinion of this department that the commissioners' court of a county with a population of less than 20,000 inhabitants has no authority to appoint an assistant to the county treasurer to be paid with county funds and Article 3902, Vernon's Annotated Civil Statutes, is not applicable to such officers.

The order of the commissioners' court submitted being void under the foregoing authorities, a discussion of the question raised in the last paragraph quoted from your letter is rendered unnecessary.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED APR 10, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. R. King
Assistant

WJRK:db

